IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PETER G. MCMAHON,**
    **Plaintiff,**

vs.                                                   Case No: 3:07cv226/WS/MD

**OLSON & ASSOCIATES OF**
**NW FLORIDA, INC., et al.,**
    **Defendants.**
_____

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk. On May 29, 2007 plaintiff filed a complaint entitled "Petition for Libel of Review of Completed Administrative Process." (Doc. 1). Plaintiff paid the requisite filing fee.

Over 120 days elapsed without activity in this case, including proof that service was effected upon the defendants. Accordingly, on November 1, 2007 this court issued an order, pursuant to Rule 4 of the Federal Rules of Civil Procedure,[1] requiring plaintiff to show cause within twenty days why this action should not be dismissed for plaintiff's failure to timely serve the complaint. (Doc. 6). Over twenty days have elapsed, and plaintiff has not responded to the court's order.

Accordingly, it is respectfully RECOMMENDED:

1. That this cause be DISMISSED without prejudice for plaintiff's failure to timely serve the complaint.

2. That all pending motions be DENIED as moot.

---

[1] Rule 4 of the Federal Rules of Civil Procedure provides a district court authority to dismiss an action without prejudice for failure to serve the summons and complaint within 120 days of filing the complaint, unless good cause is shown for the delay. FED.R.CIV.P. 4(m).

*Page 2 of 2*

3.  That the clerk be directed to close the file.

At Pensacola, Florida, this 3rd day of December, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:07cv226/WS/MD*